**UNITED STATES of America, Plaintiff,**

v.

**Mark THANASOURAS et al., Defendants.**

**No. 73 CR 633.**

United States District Court, N. D. Illinois.

Dec. 7, 1973.

James R. Thompson, U. S. Atty., Michael P. Mullen, Asst. U. S. Atty., N.

Anna R. Lavin, Edward J. Calihan, Jr., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the amended motion of defendant George DeMet in the nature of a plea in bar.

The defendant DeMet was convicted on June 20, 1972 of a violation of the Hobbs Act, 18 U.S.C. § 1951. Shortly after his conviction and after the filing of a notice of appeal the United States Attorney for the Northern District of Illinois, with the approval of the Department of Justice, sought an order from the United States District Court for the Northern District of Illinois requiring George DeMet to give testimony or to provide other information pursuant to 18 U.S.C. §§ 6002, 6003 in a matter under investigation before the Special February 1971 Grand Jury, involving possible violations by himself and others of Title 18 U.S.C. § 1951. This is the same statutory offense for which he had already been found guilty and sentenced, and the same statutory offense for which he stands charged in the instant indictment. The petition for the order asserted that the testimony of George DeMet in regard to the above described investigation before the Special February 1971 Grand Jury was necessary to the public interest. The defendant DeMet, pursuant to an order of immunity entered by the Chief Judge of the United States District Court for the Northern District of Illinois, testified before the Special February 1971 Grand Jury.

Subsequent to the defendant's testimony a Special March 1972 Grand Jury returned the instant indictment against the defendant George DeMet. The instant indictment charges a one count conspiracy in which defendants Mark Thanasouras, David Holder, Robert Eadie, Kenneth DePaola, Leroy Yaeger, Masanobu Noro, James Psichalinos, Frank Nanni, James Gartner, Anthony DeRango, Eugene Mannion, Ronald DiCicilia and George DeMet, together with

unindicted co-conspirators named Frank Bychowski and Charles Ekenborg did conspire to obtain various sums of money from retail liquor dealers with their consent, such consent being induced by fear of economic harm and under color of official right in violation of 18 U.S.C. § 1951. The indictment sets forth 28 retail liquor dealers who were victims of this alleged unlawful conduct including Marty's Lounge, 5242 W. Division, which is apparently owned by one Martin Lindstrom.

A careful reading of the Special February 1971 Grand Jury transcript will disclose that when compelled to answer under the grant of use immunity the defendant George DeMet was subjected to some examination regarding his activities and involvement in the alleged "shake-down" of Marty's Lounge. A considerable portion of this Grand Jury proceeding was devoted to questions and partially responsive and complete answers by the defendant concerning the defendant's role and the surrounding events involved in the acceptance of $75.00 a month from Martin Lindstrom. In addition to the defendant's examination on the subject of Marty's Lounge, he was asked questions regarding his association with his co-defendants in this case and the sharing or distribution of any monies secured from Marty's Lounge and other business establishments within the Fifteenth District of the Chicago Police Department. The defendant DeMet, under the grant of use immunity admitted to the same course of conduct as to many places of business but was unable to name them due to the lapse of time and his inability to remember names and dates. In a very broad sense the defendant admitted accepting money from some retail liquor dealers in the Fifteenth District of the Chicago Police Department without being clear as to the names of the establishments or the dates of the alleged activity.

The defendant, in support of the instant motion, contends:

1.  Under the law this defendant having testified pursuant to the "use" immunity granted under 18 U.S.C. § 6002–3 and having been indicted thereafter, a "heavy burden" is imposed upon the government to demonstrate by positive proof that the prosecution did not emanate from the use of his compelled testimony or any leads therefrom.

2.  After the defendant has shown the relevance of the defendant's grand jury testimony to the charges brought, the government cannot be excused from assuming, or having the Court impose upon it, the "heavy burden" of demonstrating non-use. See Kastigar v. United States, 406 U.S. 441, 92 S. Ct. 1653, 32 L.Ed.2d 212 (1972).

The defendant seeks that a complete evidentiary hearing be had with the burden residing on the government to show that the indictment should not be dismissed because it violates the defendant's grant of "use" immunity. The defendant also requests that a copy of the charge of the Court to the grand jury, instructions given to it, and any supplemental instructions thereto as the ground rules by which the grand jury conducted the proceedings in this cause. In this regard the defendant relies upon United States v. Alter, 482 F.2d 1016, 1028–1029, Footnote 21 (9th Cir. 1973).

The statutory authorization for the conferral of immunity, 18 U.S.C. § 6002, provides that no evidence directly or indirectly derived from the compelled testimony may be used against the immunized witness in a criminal case. Section 6002 does not, as the defendant apparently contends, bar subsequent prosecutions. Kastigar v. United States, *supra;* Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). The government has represented to this Court that the instant indictment is not a violation of the defendant's grant of use immunity because it had an independent source for the evidence used to secure the indictment. After carefully examining the instant indictment and the defendant's compelled grand jury testimony, it

is the opinion of this Court that the instant indictment does not appear to violate the grant of use immunity to the defendant. The quality and quantity of the information contained in the government's questions to the immunized defendant far exceed the quality of the defendant's answers. By and large, the defendant's answer to detailed government questions was "I don't recall". It is clear from the government's questions that it had obtained considerable information about the defendant's alleged illegal activities from Frank Bychowski, an unindicted co-conspirator, prior to the defendant's immunized testimony. Thus, the particular facts of the instant case do not necessitate an evidentiary hearing at this time as to whether the instant indictment was the product of an independent evidence source which is exclusive of any information or leads obtained from the defendant's immunized testimony. See, e. g., United States v. Goodwin, 470 F.2d 893 (5th Cir. 1973); United States v. McDaniel, 352 F.Supp. 585 (D.N.D.1972). Under the peculiar circumstances and facts attendant to the instant indictment, the requested evidentiary hearing is not required in the interests of justice. To grant an evidentiary hearing in this case would only serve to allow the defendant "pre-trial discovery" which has already been denied by this Court.

The instant ruling does not preclude the defendant from probing at trial the source of the evidence which will be presented against him or which was presented to the grand jury by the government witnesses.

Further, the defendant's request for the instructions and charge given the grand jury by the Court in this cause is without merit. First, the defendant mistakenly contends that the Special February 1971 Grand Jury which heard the defendant's immunized testimony also indicted the defendant. This is clearly not the case. The Special March 1972 Grand Jury indicted the defendant. Second, the charge and instructions to the Special March 1972 Grand Jury (the only grand jury relevant to the instant action) did not apparently involve itself with the defendant's immunized testimony. Thus the *Alter* case relied on by the defendant to support his request is clearly distinguishable from the instant action. Third, the instructions and charge to the Special March 1972 Grand Jury are not material to the instant motion involving the defendant's immunized testimony and the source of evidence on which the instant indictment and prosecution are based.

Accordingly, the defendant's amended motion in the nature of a plea in bar is denied.